IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERRANCE D. DURR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) CASE NO.: 1:12-cv-536-MEF |
| ADAMS BEVERAGES, INC., | ) JURY TRIAL REQUESTED |
| | ) |
| Defendant. | ) |

## COMPLAINT

### I. JURISDICTION

1. This suit is a suit authorized and instituted pursuant to Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. §2000e *et seq.;* the Civil Rights Act of 1991, 42 U.S.C. §1981a, and the Civil Rights Act of 1866, 42 U.S.C. §1981. The jurisdiction of the Court is invoked to secure protection of and redress deprivation of rights secured by statutes U.S.C. 42 Section 2000e *et seq.;* 42 U.SC. §1981a, and 42 U.S.C §1981, providing for injunctive and other relief against racial discrimination. Further, the jurisdiction of this Court is invoked pursuant to 28 U.S.C §§1331 and 1334 and 28 U.S.C §§2201 and 2202.

2. Plaintiff has fulfilled conditions precedent to the institution of this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C 2000e *et*

*seq.;* and the Civil Rights Act of 1991, 42 U.S.C §1981a. Plaintiff timely filed a charge (#420-2012-00843) of race discrimination and retaliation with the Equal Employment Opportunity Commission within 180 days of the occurrence of the last discriminatory or retaliatory act. Plaintiff timely filed this Complaint within 90 days of receipt of the Notice of Right-to-Sue from the Equal Employment Opportunity Commission.

## II  PARTIES

3. Plaintiff, Terrance D. Durr, is an African-American citizen of the United States, and a resident of Dale County in the State of Alabama. At the times mentioned, herein, plaintiff was employed by the defendant, Adams Beverages, Inc. (hereinafter "Adams" or "defendant"), as a driver.

4. Defendant, Adams, has its principal place of business in Houston County, Alabama and operates a distribution company which does business in Middle District of Alabama.

5. Defendant is an entity subject to suit under Title VII of the Civil Rights act of 1964, 42 U.S.C. §2000e, (b)(g) and (h), as amended by the Civil Rights Act of 1991, 42 U.S.C. 1981a, and the Civil Rights Act of 1866, 42 U.S.C §1981.

## III  CAUSES OF ACTION

### COUNT I: RACE DISCRIMINATION IN DISCIPLINE

6. Plaintiff re-alleges and incorporates by reference all paragraphs above

with the same force and effect as if it is fully set out in specific detail herein below.

7. Plaintiff was hired by defendant on February 5, 2004, as a driver.

8. Plaintiff was qualified to hold his position of driver.

9. On December 28, 20011, plaintiff informed his supervisor that his driver's license had been suspended.

10. On the same date, one of Adams' Vice Presidents, Phillip Mullins (hereinafter, "Mullins"), terminated plaintiff's employment.

11. Defendant subjected plaintiff to different terms and conditions of employment on account of his race by terminating plaintiff for conduct for which similarly situated white employees are not disciplined.

12. In 2009, Mullins was informed that the drivers license of a similarly situated Caucasian driver, Jason Furguson, was suspended and Mullins did not terminate Furguson.

## IV     PRAYER FOR RELIEF

WHEREFORE plaintiff respectfully prays that this court take jurisdiction of this action and after trial:

1. Grant plaintiff a declaratory judgement holding that the actions of defendant described herein above violated and continue to violate the rights of the plaintiff as guaranteed by the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*, the Civil Rights act of 1991, 42 U.S.C. §1981a; and the Civil

Rights Act of 1866, 42 U.S.C. §1981.

2. Grant plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys, and those acting in concert with the defendant, at the defendant's request, from continuing to violate the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*; the Civil Rights Act of 1991, 42 U.S.C. §1981a; and the Civil Right Act of 1866, 42 U.S.C. §1981, including reinstating him.

3. Enter an order requiring the defendant to make the plaintiff whole by awarding him back pay, front pay, lost benefits, other compensatory damages (including mental anguish damages) punitive damages, costs, attorneys fees and expenses.

Respectfully submitted,

Henry L. Penick (ASB-9518-i39h)
H. L. Penick & Associates, P.C.
1728 - 3rd Avenue North, Suite 400-A
P.O. Box 967
Birmingham, AL 35201-0967
Phone: (205) 252-2538
Fax: (205) 251-0231
hlpenick@bham.rr.com

**PLAINTIFF'S ADDRESS:**

Terrance D. Durr
c/o Henry L. Penick
P. O. Box 967
Birmingham, AL 35201

**DEFENDANT'S ADDRESS:**

Adams Beverages, Inc.
3116 John D. Odom Road
Dothan, AL 36360