IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERRANCE D. DURR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 1:12-CV-536-WKW ) (WO) |
| ADAMS BEVERAGES, INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Terrence D. Durr's motion to set aside the final judgment. Also before the court is Plaintiff's motion to vacate the arbitration award. (Doc. # 71.)

### I. PROCEDURAL HISTORY

On May 9, 2013, this case was stayed pending arbitration of "all claims, controversies, and disputes between" the parties. (Doc. # 27 at 1.)

On June 6, 2016, Defendant filed a motion to dismiss the case on grounds that arbitration had concluded in a judgment in Defendant's favor. (Doc. # 67.)

By Order entered June 8, 2016 (Doc. # 68), Plaintiff was required to show cause, on or before June 14, 2016, why Defendant's motion to dismiss should not be granted. Plaintiff did not file a response or seek an extension of the June 14, 2016

deadline.  Accordingly, on June 22, 2016, the motion to dismiss was granted, and the case was dismissed with prejudice.

On July 21, 2016, Plaintiff filed motions to set aside the final judgment and to vacate the arbitration award.  (Doc. # 71.)

## II.   DISCUSSION

Plaintiff argues that the judgment should be vacated because the June 8, 2016 Order "only gave [P]laintiff four [sic] days to respond to [D]efendant's motion to dismiss . . . .  Four days to respond was manifestly unjust."  (Doc. # 71 at 1 ¶ 2.) Plaintiff further states that, because his attorney was working on two other cases at the time, the attorney could not reasonably have responded to the motion to dismiss within the time allotted by the court.  (Doc. # 71 at 1-2 ¶ 4.)

Because Plaintiff seeks relief from the judgment on grounds that he should be permitted to respond to the motion to dismiss after entry of final judgment and over five weeks after the response deadline set by June 8, 2016 Order, the court construes the motion as one seeking relief under Rule 60(b)(1), which allows for relief from judgment on grounds of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).  Plaintiff does not argue that he mistakenly or inadvertently failed to meet the response deadline.  There can be no argument that failure to meet

2

the deadline was due to surprise.  In essence, Plaintiff contends that the court should excuse his neglect[1] to oppose the motion to dismiss prior to entry of judgment.

In considering a Rule 60(b)(1) motion for relief from judgment based on a party's failure to meet a filing deadline, the court must consider the relevant circumstances of the individual case and, in particular, the following factors: "'the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 397 (1993) (alteration in original).  In the absence of any attempt by Plaintiff to address these factors, the court will consider them *sua sponte*.

After prevailing on the motion to dismiss, Defendant will be prejudiced if the final judgment is reopened to reexamine the merits of that motion.  Plaintiff offers no justification for the length of the delay (five weeks past the deadline set by the

---

[1] Plaintiff does not argue that his failure to timely oppose the motion to dismiss was the product of neglect on his part.  Instead, he attributes the error to the court for setting a response deadline that he feels was too short. On its face, the motion to dismiss was not complex, and nothing about it indicated that the permitted response time was "manifestly unjust." (Doc. # 71 at ¶ 3.)  Moreover, as the court is sometimes inclined – but is not obligated – to do, the court delayed entry of judgment for over one week to allow additional time for Plaintiff to seek appropriate relief if he wished to do so.  Therefore, the court finds that Plaintiff's failure to timely oppose the motion to dismiss was due entirely to Plaintiff's neglect of his duty to comply with the court's orders or, if that was not possible, to alert the court that he needed an extension of time to comply.

court) in responding to the motion to dismiss or in seeking relief from the response deadline.  On this record, a five-week extension of the response deadline was neither necessary nor reasonable.  However, for purposes of this analysis, the length of the delay and its potential impact on judicial proceedings will be considered.

Plaintiff was required to comply with the June 8, 2016 Order.  If Plaintiff was unable to do so, it was his responsibility to seek timely relief from the deadline set by the Order.  Plaintiff had sufficient time prior to the expiration of the deadline to file a motion requesting an extension, but he did not.  After the deadline passed, the court delayed entry of judgment for more than a week, in which time Plaintiff still failed to file anything.  Even if Plaintiff had good cause for a reasonable extension, he has offered no excuse – much less a justifiable one – for his failure to timely alert the court to his difficulty with the deadline and seek appropriate relief.  *See Greater Baton Rouge Golf Ass'n v. Recreation & Park Comm'n for Par. of E. Baton Rouge*, 507 F.2d 227, 229 (5th Cir. 1975)[2] ("It seems clear to us that when counsel found out he might be detained in the state court he should have forthwith notified the United States District Judge of his situation and requested permission to be slightly late if that became necessary by reason of unexpected detention at the state court. . .

---

[2] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

4

. Yet, he told the District Court nothing; he kept it in the dark and left it to cool its heels. We cannot say that this was excusable neglect.").[3]

Thus, the court concludes that Plaintiff's failure to reply to the motion to dismiss prior to entry of judgment was entirely within his control. Further, this was not a case of simple oversight of the existence of a briefing deadline. The only available evidence establishes that Plaintiff knowingly failed to comply with the deadline or to timely seek relief from it. Instead of taking responsibility for that failure, he blames the court and the deadline itself. These circumstances do not support a finding of good faith.

The judgment was not erroneous,[4] and Plaintiff's failure to meet the deadline to respond to the motion to dismiss prior to entry of judgment was inexcusable. *See Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) ("This Court has demonstrated its wariness of grants of Rule 60(b)(1) relief for excusable neglect based on claims of attorney error."); *Solaroll Shade & Shutter Corp. v. Bio–Energy*

---

[3] In *Greater Baton Rouge*, the Fifth Circuit reversed because dismissal was an overly harsh sanction for the fact that Plaintiff's attorney arrived twenty-eight minutes late for trial. In contrast, the judgment in this case was not a sanction for Plaintiff's failure to file a timely response to the motion to dismiss. Rather, judgment was entered on the merits of an unopposed motion to dismiss, and Plaintiff simply seeks a second, unjustified opportunity to attack the merits of that judgment. Accordingly, unlike in *Greater Baton Rouge*, relief is not necessary to avoid draconian sanctions or to ensure that the judgment is based on the merits of the case rather than on a technical error.

[4] On its face, the motion to dismiss appeared meritorious, and at the time judgment was entered, nothing in the record indicated that Plaintiff had any grounds or desire to oppose the motion. In this court, motions to dismiss following the conclusion of arbitration are most often unopposed.

*Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986) ("[A]n attorney's negligent failure to respond to a motion does not constitute excusable neglect, even if that attorney is preoccupied with other litigation.").

### III. CONCLUSION

Accordingly, it is ORDERED that the motion to set aside the judgment (Doc. # 71) is DENIED.

Because the judgment stands, Plaintiff's challenge to the underlying arbitration award is due no consideration. Therefore, Plaintiff's motion to vacate the arbitration judgment (Doc. # 71) is DENIED.

DONE this 28th day of July, 2016.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE
